United States District Court
Southern District of Texas
**ENTERED**
November 10, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| MAERSK TANKERS MR K/S, § § Plaintiff. § § V. § § M/T SWIFT WINCHESTER, *in rem, et al.*, § § § Defendants. § | CIVIL ACTION NO. 3:22-cv-00390 |

## ORDER AND OPINION

Pending before me is Defendants' Motion to Deposit Funds as Substitute Security. *See* Dkt. 8. At a hearing before me earlier today, Defendants advised that they will deliver to the Clerk of Court, today, a cashier's check in the amount of $7,355,000.00 as security. Plaintiff asked that I not release the Vessel until the cashier's check has been deposited into the Registry of the Court and cleared. I see no basis for continuing to arrest the Vessel upon the delivery of the cashier's check to the Clerk of Court. I issue this Order and Opinion to explain my reasoning.

At the outset, I take note of two basic propositions. First, "[t]he right to obtain the release of arrested property upon the posting of adequate security is absolute and not subject to the court's discretion." *Gerard Const., Inc. v. Motor Vessel Va.*, 480 F. Supp. 488, 491 (W.D. Pa. 1979) (citation omitted).

Second, "[a] cashier's check circulates through commerce as the functional equivalent of cash." *Humble Nat'l Bank v. DCV, Inc.*, 933 S.W.2d 224, 237 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (quotation omitted).

> A cashier's check is a bill of exchange drawn by the bank upon itself and is accepted in advance by the act of its issuance and is not subject to countermand by either its purchaser or the issuing bank. The bank's issuance of the check is acceptance of the check and constitutes an agreement by the bank to honor the check as presented.

*Cmty. Nat. Bank v. Channelview Bank*, 814 S.W.2d 424, 427 (Tex. App.—Houston [1st Dist.] 1991, no writ) (citing *Wertz v. Richardson Heights Bank & Trust*, 495

S.W.2d 572, 574 (Tex. 1977)). To the extent the check (and the funds it represents) are considered property, transfer of ownership is complete upon delivery of the cashier's check, *not* upon the bank honoring it. *See, e.g.*, *Jones v. Wells Fargo Bank, N.A.*, 666 F.3d 955, 960 (5th Cir. 2012) (holding that a remitter of a cashier's check transfers ownership upon delivery); *In re Lee*, 179 B.R. 149, 161 (B.A.P. 9th Cir. 1995), *aff'd*, 108 F.3d 239 (9th Cir. 1997) ("Because of these distinctions between an ordinary check and a cashier's check, we hold that the relevant date of transfer of a cashier's check . . . is the date of delivery.").

Additionally, letters of undertaking often suffice as security for a vessel, despite the fact that an owner/insurer might later become insolvent, thus depriving the plaintiff of its *in rem* remedy. *See, e.g.*, *Globe Barge, Inc. v. Johness Hunter, Inc.*, No. 85-343, 1986 WL 71370672, at *1 (E.D. La. Mar. 10, 1986) ("Moreover, plaintiffs accepted the letter of undertaking, which by its express terms stated that the rights of the parties would be the same as if the vessel had been seized and then released upon the filing of a corporate surety bond. If this scenario had actually happened, and the corporate surety bond proved worthless, plaintiffs clearly would have no right under admiralty law to make a second seizure of the vessel for the same maritime lien."). What I take away from *Gerard* and *Globe Barge* is that the vessel must be released upon the *posting* of security. Accordingly, Defendants' Motion to Deposit Funds as Substitute Security (*see* Dkt. 8) is **GRANTED**. It is therefore:

**ORDERED** that Defendant Winchester Shipping Inc. shall post $7,355,000 (SEVEN MILLION THREE HUNDRED FIFTY-FIVE THOUSAND AND NO/100 DOLLARS, and hereafter referred to as the "Substitute Security Funds") into the Registry of the United States District Court for the Southern District of Texas to stand as the substitute *res* for the Vessel in exchange for the release of the M/T SWIFT WINCHESTER;

**ORDERED** that upon proof that the Substitute Security Funds have been safely deposited into the Registry of the Court, or upon agreement of the Parties, Plaintiff Maersk Tankers MR K/S shall immediately release the Vessel from arrest

without further order from this Court by promptly informing the U.S. Marshal for the Southern District of Texas of this Order;

**ORDERED** that upon the deposit of the Substitute Security Funds, Defendant Winchester Shipping Inc. and Plaintiff Maersk Tankers MR K/S shall retain the same rights as if the Vessel remained under arrest within the jurisdiction of the Court. The Substitute Security Funds shall apply whether Vessel is lost or not lost, in port or not in port, and shall at all times stand as the *res* in place of the Vessel;

**ORDERED** that the Substitute Security Funds shall be available to satisfy any final, unappealable judgment in favor of Plaintiff Maersk Tankers MR K/S against Defendant Winchester Shipping Inc. in the above-captioned action, or any lesser amount settled between the parties to the above-captioned action without a final judgment being rendered;

**ORDERED** that in the event of a dismissal of the above-captioned by the Court and after all final appeals have been exhausted or a voluntary dismissal issued by Plaintiff, the Substitute Security Funds shall be available for collection from the Registry of the Court by Defendant Winchester Shipping Inc. or its local counsel.

**IT IS FURTHER ORDERED** that the Clerk of Court, in the ordinary course of business, deposit the funds into an interest-bearing account in the Court Registry Investment System (CRIS) where it shall remain until further order of the Court.

I will address by separate order the parties' discovery dispute upon the electronic filing of the parties' written arguments.

SIGNED this 10th day of November 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE