United States District Court
Southern District of Texas
**ENTERED**
February 08, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| MAERSK TANKERS MR K/S, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:22-cv-00390 |
| | § | |
| M/T SWIFT WINCHESTER, *in rem,* | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before me are motions to seal filed by Defendant Winchester Shipping Inc. ("Winchester"), Plaintiff-Intervenor P.M.I. Trading DAC ("PMI"), and Plaintiff Maersk Tankers MR K/S ("Maersk"), respectively. *See* Dkts. 66–68. These motions were filed in response to my December 19, 2022 Order, which required the parties to either undertake the requisite balancing analysis for each of the documents currently under seal on this Court's docket, *see Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410 (5th Cir. 2021), or notify me that the party no longer believes a document currently under seal should remain sealed. *See* Dkt. 63. The motions to seal address various docket entries. Therefore, rather than address each motion to seal, I will address each of the sealed docket entries.

### DKT. 39 AND ACCOMPANYING EXHIBITS

Dkt. 39 is Maersk's Verified Opposition Filed In Camera to Defendant's Motion to Disqualify Counsel ("Opposition"). Maersk filed its Opposition, 12 supporting exhibits, and a proposed order entirely under seal.

Winchester and Maersk both agree that docket entry 39-2 should be unsealed, as it is a publicly available document on the United States Coast Guard's website. I will order Dkt. 39-2 unsealed.

Neither Winchester nor Maersk addresses whether Maersk's Proposed Order (*see* Dkt. 39-13) should remain sealed. This document is nothing more than a form order that contains no substance whatsoever. I will order Dkt. 39-13 unsealed.

Winchester argues that exhibits 39-1 and 39-3 through 39-12 should remain under seal because they are privileged communications. Maersk moves to maintain docket entries 39-1 and 39-3 through 39-12 under seal "to protect confidential privileged information *as maintained by Winchester.*" Dkt. 68 at 2–3.[1] In other words, Maersk requests that I maintain documents *that Maersk filed* under seal, without providing its own, independent reason for why those documents should be sealed. This is curious indeed, but I will not waste any ink in this order discussing Maersk's position. I will be entering an Opinion and Order later today granting Winchester's Motion to Disqualify counsel. That order fully details why the communications between Maersk's current counsel, SBSB Eastham, and Winchester are privileged attorney–client communications. Accordingly, exhibits 39-1 and 39-3 through 39-12 will remain sealed.

Neither Winchester nor Maersk discusses whether Maersk's Opposition (*see* Dkt. 39) should remain sealed. Because Maersk's Opposition quotes from materials that both parties have asked me to seal, I allowed Winchester, as the holder of the attorney–client privilege, the opportunity to submit proposed redactions of Maersk's Opposition. This redacted version of Maersk's Opposition is attached to this Order as Dkt. 78-1. The redacted versions of Maersk's exhibits to its Opposition are attached to this order as Dkt. 78-2. By filing the redacted versions, Dkts. 39, 39-1, and 39-3 through 39-12 may properly remain under seal.

## DKT. 61-1

Dkt. 61-1 is Winchester's *in camera* submission in support of its Motion to Disqualify. This document has 14 tabs. Winchester argues that Tabs 1 through 12 should remain under seal because they are privileged attorney-client communications. For the reasons set forth above, and in the Opinion and Order that I will issue today disqualifying SBSB Eastham as Maersk's counsel in this litigation, I agree. Tabs 1–12 will remain under seal.

---

[1] PMI "has no interest in whether [Docket Entry 39 and its supporting exhibits] remain under seal." Dkt. 67 at 2.

Winchester concedes that Tabs 13 and 14 "do not qualify as privileged materials" and has "no objection to the materials at Tabs 13 and 14 being made available on the public record." Dkt. 66 at 6. Tab 13 is a public record issued by the United States Coast Guard. Tab 13 is ordered unsealed. Tab 14 is an invoice from SBSB Eastham to Winchester for services rendered. In its motion to seal, Winchester raised the possibility that SBSB Eastham may consider a portion of its invoice "to be proprietary." *Id*. SBSB Eastham took no position on this document in Maersk's motion to seal. Accordingly, Tab 14 is also ordered unsealed. In compliance with my December 19, 2022 order, Winchester has submitted a redacted version of its *in camera* submissions that makes Tabs 13 and 14 publicly available. *See* Dkt. 66-1 at 124–140. I agree with Winchester that "[b]y filing the redacted version of [Winchester's] Updated *In Camera* Submission, the seal may properly remain on the materials at Dkt. 61." Dkt. 66 at 6.

## DKT. 62

Dkt. 62 is Winchester's Supplement to Motion to Reduce Security, which consists of five separate exhibits in support of Winchester's Motion to Reduce Security (*see* Dkt. 59). Winchester originally filed these exhibits under seal "[d]ue to confidentiality clauses included in some of the attached materials." Dkt. 62 at 1. Yet, Winchester now believes "that Dkt. 62 should be unsealed in its entirety," and "leave[s] it to PMI and Maersk to argue for its continued sealed status if they should wish." Dkt. 66 at 2.

PMI and Maersk agree that neither Dkt. 62-1 nor Dkt. 62-5 should be sealed, but they argue for the continued sealing of Dkts. 62-2 through 62-4 on the basis of confidential business information. Dkts. 62-2 through 62-4 are, respectively, a fixture recap for the charter of the SWIFT WINCHESTER, PMI's general terms and conditions, and a contract of affreightment between PMI and Maersk. Both PMI and Maersk assert, verbatim, that these documents

> are of little, if any, interest to the public at large, who have no specific expectation that they should be allowed to see and review the particular commercial terms of commercial transactions between foreign business entities, as the public at large likely will not understand what the

documents mean in terms of business strategy and competitive advantage.

Dkt. 67 at 4; Dkt. 68 at 4.

This argument misses the mark. "[T]he working presumption is that judicial records should not be sealed." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021). Accordingly, the question is not whether the public is interested in a judicial record or would understand it. To the contrary, "the public has a right to monitor the exercise of judicial authority." *Id.* at 418. And "at the *adjudicative* stage, when materials enter the court record, the standard for shielding records from public view is . . . arduous." *Id.* at 420. PMI and Maersk do not recognize or discuss this exacting standard, much less meet it. Neither PMI nor Maersk has provided a declaration supporting their argument for sealing; nor have they proffered redacted versions of these exhibits. Rather, they have taken the untenable position that "read as a whole, and in conjunction with one another . . . each document must remain under seal." Dkt. 67 at 4; Dkt. 68 at 4. This is simply not enough. Accordingly, I will order Dkt. 62 unsealed.

## CONCLUSION

For the reasons set forth above, I order the clerk to **UNSEAL** docket entries 39-2, 39-13, 62, and 62-1 through 62-5. Docket entries 39, 39-1, 39-3 through 39-12, and 61-1 will remain **SEALED** as *in camera* submissions of privileged attorney–client communications. Redacted versions of Dkts. 39, 39-1, and 39-3 through 39-12 are attached to this order for the public's access. Winchester has already provided a redacted version of Dkt. 61-1. *See* Dkt. 66-1.

SIGNED this 8th day of February 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE